**Affirmed and Memorandum Opinion filed January 10, 2011**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-10-01086-CR
## NO. 14-10-01087-CR

---

### ADAM RAY PATE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 1225409, 1225410**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Adam Ray Pate of sexual assault of a child[1] in cause numbers 1225409 and 1223410 and assessed punishment at five years' confinement for each cause number to run concurrently. Appellant argues on appeal that the trial court committed reversible error by allowing certain testimony into evidence at trial. We affirm.

---

[1] Tex. Penal Code Ann. § 22.011(a), (c)(1) (Vernon 2011).

## Background

Appellant was indicted in cause number 1225409 of sexually assaulting a child younger than seventeen years of age by placing his sexual organ in the female child's sexual organ on or about January 24, 2009; appellant was also indicted of sexually assaulting a child younger than seventeen years of age by placing his sexual organ in the female child's sexual organ on or about March 20, 2009 in cause number 1225410.

A three-day jury trial was held on October 25, 2010. At trial, complainant testified that appellant, her stepfather, sexually assaulted her on two occasions.

Complainant testified that her friend, Victoria, came to her house in January 2009 to spend the night. She testified that appellant poured shots for her and Victoria. At some point, Victoria was so intoxicated that complainant told Victoria to lay down in complainant's bed. Complainant continued to drink with appellant. Eventually, complainant laid down on the couch because she was intoxicated. Appellant took off complainant's shorts and performed oral sex on complainant. Thereafter, appellant "performed vaginal sex where his penis entered [her] vagina." Complainant testified that she told Victoria the next day that appellant had "sex with [her] last night."

Complainant also testified that appellant assaulted her in March 2009. She testified that appellant agreed to drive her to a tattoo parlor to get a tattoo. Before taking her to the parlor, appellant gave complainant several shots to "numb [her] body;" complainant testified that she was intoxicated. Because the tattoo artist refused to tattoo complainant, appellant and complainant left the parlor. On the way home, appellant pulled into a hospital parking lot and "parked in the back where no cars were." Appellant instructed complainant to get into the middle row of appellant's Chevrolet Suburban. When complainant "wasn't moving fast enough," appellant picked complainant up and put her down in the middle row. Appellant pulled complainant's shorts down and "unbuttoned his pants, unzipped his zipper and pulled out his penis. And inserted it into [complainant's] vagina."

2

The jury convicted appellant of sexual assault of a child in both cause numbers and assessed appellant's punishment at five years confinement for each cause number.

## Analysis

In his sole issue on appeal, appellant argues that the trial court erroneously allowed "allusion to hearsay testimony over defense objections to the State's use [of] a juvenile, in effect, as an 'outcry' witness in violation of Article 38.07 of the Texas Code of Criminal Procedure." Appellant's complaint concerns the following exchanges during complainant's and Victoria's testimony:

THE STATE: Well, tell us about — tell us about the next morning or waking up the next morning.

COMPLAINANT: Waking up the next morning, I woke up before everybody else did in my house. I woke up before my stepbrother and stepsisters. And I went to my room and woke up Victoria. And I told her that my stepdad had sex with me last night. And she asked me how did I know. And I told her because I woke up in the middle of it. And she asked me —

DEFENSE COUNSEL: Objection, Your Honor, to hearsay.

TRIAL COURT: Sustained.

THE STATE: Without going into — Well, Your Honor, may we approach?

TRIAL COURT: Yes, you may.

(At the bench, on the record)

THE STATE: I ask that I be allowed to go into this line of questioning. It's not offered for the truth of the matter asserted to show that the defendant was having sex with the complainant. I'm just offering it to show that she actually told someone the following morning.

DEFENSE COUNSEL: Your Honor, it's hearsay regardless of how she's trying to offer it at this point. Now, if we were to open the door to allow that type of rebuttal testimony, I would see the point. But right now it's hearsay.

DEFENSE COUNSEL: And she's also already testified that she told her.

THE STATE: It's not offered for the truth of the matter asserted. It's not—

DEFENSE COUNSEL: That's not a viable exception at this point. Not to the hearsay rule.

3

TRIAL COURT: All right.

THE STATE: It's not hearsay if it's [not] offered for the truth of the matter asserted.

TRIAL COURT: All right. But it's already in the record that she told Victoria that her stepfather had sex with her. So, I think we can move on.

THE STATE: Okay.

(In the jury's presence)

THE STATE: [Complainant], after you told Victoria what happened to you the night before, did you tell your mother?

COMPLAINANT: No, ma'am.

THE STATE: Why is it that you would tell your friend but not your mother?

COMPLAINANT: Because I knew my friend couldn't do anything about it.

THE STATE: Why would you tell her?

COMPLAINANT: I felt like I needed to tell someone. And if I was to tell my mom, my mom has a tendency to overreact. And I didn't want anything happening. I just wanted to be able to go about my life and act like nothing happened. But I did feel like I needed to tell someone. So, I told Victoria.

      *      *      *

THE STATE: Tell us what happened, if anything, when you woke up.

VICTORIA: When I woke up, [complainant] was on the floor, but she wasn't on the bed, she was asleep on the floor. We decided to take a shower. I took a shower and I got dressed. And then she took a shower and she got dressed. And she came out and she was sitting on the floor and she was like, 'Victoria, I have to tell you something.' I was like, 'What?' And she was like —

DEFENSE COUNSEL: Objection, Your Honor. Calls for hearsay.

THE STATE: Your Honor, it's not offered for the truth of the matter asserted.

DEFENSE COUNSEL: It's hearsay. The witness has already testified about what she told her. It's hearsay.

THE STATE: May we approach?

TRIAL COURT: You may.

(At the bench, on the record)

THE STATE: It's not hearsay. It's not offered for the truth of the matter

4

asserted. It's not offered to show that the defendant had sex with [complainant]. It is only offered to show that [complainant] actually told someone, that someone being her friend. That's what it's offered for. It's not offered to show that [appellant] had sex with [complainant]. Certainly we've already heard testimony in that regard. It's only to show that she actually told Victoria.

DEFENSE COUNSEL: Your Honor, I'm not sure that I follow [the State]'s logic. I mean, just because it's — they attempt to offer something that's not asserted for the truth of the matter does not make it admissible. That's a definition of hearsay. But that's not an exception to the hearsay rule. Secondly, I can't get past that at all. The other witness has testified. There is no reason at all for this witness to testify about what someone else has told her. It's cumulative. And then we get into the same kind of analysis about whether it's prejudicial or probative. And we believe it's prejudicial and it shouldn't be admissible. It's hearsay.

THE STATE: Judge, if I may, I agree with [Defense Counsel]. It's not an exception because it's not hearsay. The definition of hearsay is it's an out-of-court statement offered for the truth of the matter asserted. This is a situation where it's not offered for the truth of the matter asserted. Certainly, if their defensive theory is that she made this up sometime after, you know, they were kicked out of the house, this would be very relevant to show that she had actually told someone around the time it happened. It's not hearsay. Therefore, it wouldn't be under an exception.

DEFENSE COUNSEL: We're going to object to hearsay. We're also going to object to cumulative. We're also going to object to it being in violation of 403, prejudicial impact far exceeds probative value, Your Honor.

THE STATE: Judge, there's already been testimony from [complainant] that she told her friend —

TRIAL COURT: I think you can get to it another way perhaps. But I can't see why you're — even though you said it's not offered for the truth of the matter, that's the relevant reason you're trying to get it in. So, if you can approach it in another way. But I think that counsel's objection for hearsay, I think that's a good objection. If you can get it in another way —

THE STATE: And not to argue with the Court's ruling, but just the relevant reason is just to show that she actually told someone, not that she made this up —

TRIAL COURT: You can ask her if she told her something. There's no argument to that. Just don't go into those words. It's not like you're offering that for effect on the auditor. I don't think this is an exception.

5

That's why you have an outcry statute.

THE STATE: I agree —

TRIAL COURT: The objection's sustained.

DEFENSE COUNSEL: Thank you, Your Honor.

(In the jury's presence)

THE STATE: Victoria, that morning when you and [complainant] woke up, did she tell you something?

VICTORIA: Yes, ma'am.

THE STATE: And did she tell you something in regards to the defendant, Adam Pate?

VICTORIA: Yes, ma'am.

THE STATE: I'll pass the witness.

Appellant contends on appeal that the State attempted to "skirt the hearsay evidence exclusionary rule and get what the victim reportedly told [Victoria] in the record as indirect 'outcry' testimony." Thus, appellant argues, "[T]he trial court abused its discretion by allowing the victim to testify about what [s]he reportedly told [Victoria] and to allow [Victoria] to give testimony that validated what the victim reportedly told her."

As a prerequisite to preserving a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection and the trial court ruled on the objection. *See* Tex. R. App. P. 33.1(a). The objecting party must then pursue the objection to an adverse ruling. *Turro v. State*, 950 S.W.2d 390, 405 (Tex. App.—Fort Worth 1997, pet. ref'd). But here, the trial court sustained appellant's hearsay objections to (1) testimony by complainant regarding what Victoria said to her; and (2) testimony by Victoria regarding what complainant said to her. Appellant did not object at all to complainant's testimony regarding complainant's own statements to Victoria, in which complainant told Victoria that "my stepdad had sex with me last night." Therefore, because appellant has either wholly failed to object, or has failed to pursue his objections to adverse rulings, appellant's complaint presents nothing for our review.

6

Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment in cause number 1225409 and cause number 1225410.


/s/     William J. Boyce
Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).